### ELLEN POTEET, Appellant, v. JOSHUA M. DANIEL, Respondent.

**Kansas City Court of Appeals, November 16, 1908.**

DOWER: Effect of Deed: Defenses: Finding: Appellate Practice.
A widow sued to recover rents and profits on real estate conveyed by herself and husband to the defendant in which the grantors reserved a life estate. The defenses were no interest in the plaintiff and a compliance with the terms of the deed and an offset. The court refused a demurrer, but, however, found for the defendant. *Held*, the matters of offset were issues of fact raised by the pleadings and the evidence, and the finding of the court is binding.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Hewitt & Hewitt* for appellant.

(1)   A life estate is a net use and income not including a diminution of the capital by diversion of it to the payment of any part of the ordinary expenses of its preservation.   Pierce v. Burroughs, 58 N. H. 305; 1 Words and Phrases, p. 4154.   (2)   The controlling canon for the construction of deeds, as of wills and other instruments of writing, is to ascertain the meaning of the grantor from the words he uses in the light of the circumstances which surround and attend upon his use of them.   Long v. Timmons, 107 Mo. 512; Schorr v. Carter, 120 Mo. 413; Dunaway v. Day, 163 Mo. 426; McCullom v. Holmes, 111 Mo. 445; Carr v. Lackland, 112 Mo. 442; Wolf v. Dyer, 95 Mo. 545; Parnell v. Stryker, 41 N. Y. 483; 7 Words and Phrases, p. 6140, par. 2, 3, 4.

*Kendall B. Randolph* for respondent.

(1)   The land in question was owned by Robert Poteet and as Ellen Poteet had no life estate in the land, and as no reservation of a life estate was made by the deed, the appellant has no interest in the land. Jones v. De Lassus, 84 Mo. 541; 3 Washburn on Real Property (3 Ed.), secs. 66, 67.   (2)   An estate for life is a freehold.   1 Washburn on Real Property (3 Ed.), pp. 101-104; Tiedeman on Real Property, 843. (3)   It is plain from the deed itself and from all of the circumstances, and from the fact that possession was turned over to respondent, and from the small value of the land and the existence of the mortgage thereon, that the possession and rents were intended to go to respondent, as some compensation for his care of Mr. and Mrs. Poteet.   Jones v. De Lassus, 84 Mo. 541; Studdard v. Wells, 120 Mo. 25; Wolfe v. Dyer, 95 Mo. 551.   (4)   The money advanced to appellant by respondent, and the expenses incurred for interest, taxes and repairs largely exceeded the rental value of the land for the six years claimed, so that upon that ground

alone the judgment was for the right party. These expenses were properly chargeable to the life tenant if such an estate existed. Roberts v. Murphy, 64 Mo. App. 90; Bone v. Tyrrell, 113 Mo. 188.

BROADDUS, P. J.—Since the appeal herein, the plaintiff died and the cause was revived in the name of D. B. Morris, public administrator. The facts are as follows: On and prior to the 4th day of August, 1897, Robert Poteet, the husband of Ellen Poteet, who instituted this suit, was the owner of a certain tract of land lying and being in DeKalb county, Missouri, which he conveyed, his wife Ellen joining him therein, to Joshua M. Daniel and Frank Dildine. The conveyance is made subject to a certain deed of trust executed to Bartlett Bros. and, "Also subject to the life estate of the grantors." In about eight months after the date of said conveyance, Robert Poteet died. The said Dildine conveyed his interest in the land to his co-grantee, Daniel, the defendant, who has occupied and cultivated the same and received all the benefits therefrom for six years prior to the beginning of this suit. The purpose of the suit was to compel the defendant to pay to the said Ellen the value of the rentals for said time.

Two defenses are pleaded to the plaintiff's cause of action, viz.: First, that the land being the property of Robert, his wife Ellen had no interest in the same except the inchoate right of dower. Second, that the deed by its terms fixed the consideration for the land in the sum of $4,500, and for an agreement and promise on the part of the grantees to provide homes for said Robert and Ellen and to furnish them with good, wholesome food and clothing during their respective lives, and at their deaths to provide for them respectable interment. The defendant claims that he provided said Robert and Ellen with a home and furnished them with the required food and clothing up to the date of said Robert's decease, and furnished him with respectable

interment.    That he furnished the said Ellen with a
home and the required clothing and food until January
4, 1905, at which time she voluntarily left his home and
remained away therefrom.    The defendant claims as a
defense that the said Ellen was indebted to him in the
sum of $266.65 for money advanced to her at different
times and in the payment of her debts.    There is also
a count in defendant's answer wherein he seeks reforma-
tion of the deed in question, but, as the cause was
decided on other grounds, it is not necessary to give
it further notice.

The defendant introduced no testimony whatever
and at the close of plaintiff's case offered a demurrer
thereto, which the court overruled on the ground, as
stated in the record, viz., "that the defendant went into
the offset."    The court, however, found the verdict for
defendant.

The plaintiff, however, in his argument and brief,
assumes that the finding of the court is predicated upon
the ground that the wife under the terms of the deed
in controversy had no estate in the premises after the
death of her husband.    But how are we to know that
such was the case?    For aught we know, the court found
that the offset pleaded in defendant's answer counter-
balanced the value of the use of the land.    And we must
assume, so far as the record goes, that the court in
overruling the demurrer weighed the evidence and found
for defendant on his offset.    There was evidence as to
the value of the use of the farm and evidence to sustain
the offset.    It was the duty of the court to weigh such
evidence and its finding, like that of a jury, is binding
upon this court.

Finding nothing in the record to justify a reversal,
the cause is affirmed.    All concur.